IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ALLEN LEE GODFREY, SR.,** | ) | CASE NO. 7:15CV00350 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| **UNNAMED,** | ) | By: Norman K. Moon |
| | ) | United States District Judge |
| Defendant(s). | ) | |

This matter is before me on a motion for preliminary injunctive relief filed Allen Lee Godfrey, Sr., a Virginia inmate at proceeding *pro se*. Godfrey states his fear that because of his prior litigation efforts, he will be harmed by unnamed official(s) in the Virginia Department of Corrections ("VDOC"), where he is now incarcerated. Godfrey first filed this motion in both of his two pending civil rights actions under 42 U.S.C. § 1983 (Nos. 7:13CV00454 and 7:14CV00476) against Roanoke City police officers and Roanoke City Jail officials. I concluded, however, that this new submission raised issues unrelated to Godfrey's prior actions. Accordingly, I construed the motion as a new and separate civil rights complaint seeking permanent injunctive relief and a motion for interlocutory relief, and directed the clerk to file these in a new case, as referenced in the heading of this memorandum opinion. After review of Godfrey's allegations in support of his motion, I conclude that preliminary injunctive relief is not warranted and will deny Godfrey's motion.

I.

Godfrey seeks his immediate transfer to a protective custody unit, perhaps in another state under an assumed name. He states that correctional officers and other inmates have labeled him as a "snitch and other things that just are not true." Godfrey "feels his life may be/is in

danger within the [VDOC] due to the continued litigation" against individuals in Roanoke. He believes that while he was confined at Deerfield Correctional Center, someone was keeping him under surveillance from outside the prison fence, while he worked outside, lay in his bunk, or showered. Godfrey told Deerfield staff that some officers, kitchen workers, and inmates had made "direct and indirect threats to [his] life/personal safety." Godfrey states his belief that these individuals "were actually soliciting for someone to poison, stab/murder/assassinate" him.

At Deerfield, and again after he was transferred to the mental health unit at Powhatan Correctional Center, Godfrey filed requests for protective custody, based on these fears. Officials have refused to place him in protective custody and have told him that when he leaves Powhatan, he will likely return to the general population at Deerfield.

## II.

The party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Issuing a preliminary injunction based only on a *possibility* of irreparable harm is inconsistent with" the fact that such injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is *entitled* to such relief." *Id.* (emphasis added).

Under this stringent standard, the court cannot find that Godfrey has alleged facts warranting the extraordinary relief he seeks. Godfrey offers nothing more than his nebulous, personal fears of reprisal for his lawsuits, despite the fact that his lawsuits do not concern any VDOC employee. He does not state the nature of the threats individuals have allegedly made against him or describe facts giving any reasonable basis for his fears of being under surveillance

2

or in danger of being poisoned or otherwise physically harmed by anyone. In short, Godfrey presents no factual support for his "feeling" that his life is in danger in the VDOC because of his litigation efforts or for any other reason. Accordingly, he fails to demonstrate that he is entitled to the preliminary injunctive relief he seeks.

For the reasons stated, I will deny Godfrey's motion for preliminary injunctive relief. An appropriate order will issue this day.

If Godfrey wishes to pursue this § 1983 action against specific individuals for allegedly failing to protect him, he must file an amended complaint, naming individual officers as defendants and stating supporting facts. By separate order, the court will also require him to demonstrate that he has exhausted his administrative remedies regarding any such claim and to provide financial information as required for him gain authorization to pay the filing fee through installments. In the alternative, Godfrey may move for voluntary dismissal of this case without prejudice and file a new complaint, once he has completed the exhaustion process.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Godfrey.

ENTER: This  30th  day of June, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

3

Case 7:15-cv-00350-NKM-RSB   Document 3   Filed 06/30/15   Page 3 of 3   Pageid#: 23